IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THERMOTEK, INC., | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:10-CV-2618-D |
| VS. | § § | |
| MIKE WILFORD, | § § | |
| Defendant. | § | |
| ORTHOFLEX, INC. d/b/a INTEGRATED ORTHOPEDICS, et al., | § § § | |
| Plaintiffs, | § § | Civil Action No. 3:11-CV-0870-D |
| VS. | § § | |
| THERMOTEK, INC., | § § | |
| Defendant. | § | |

## ORDER

In Civil Action No. 3:10-CV-2618-D ("*Thermotek*"), defendant Mike Wilford has filed a May 13, 2011 motion to consolidate *Thermotek* and Civil Action No. 3:11-CV-0870-D ("*Orthoflex*") for discovery, with a decision to be made later regarding whether the cases should be consolidated for trial. In *Orthoflex* defendant Thermotek, Inc. ("Thermotel") has filed a May 10, 2011 motion to consolidate *Thermotek* and *Orthoflex* for all purposes, not merely for the limited purpose of discovery coordination. The court grants both motions to the extent that it consolidates these actions for all purposes under the *Orthoflex* caption, without prejudice to deciding later such questions as

whether it should order separate trials under Fed. R. Civ. P. 42(b) and/or realign the parties.[1]

The parties do not disagree that the cases should be consolidated at this time; their dispute lies in whether the court should consolidate the cases for all purposes or, at this juncture, for discovery alone.[2]

Having considered the parties' positions, the court concludes in its discretion that it should consolidate the two cases for all purposes, leaving open for later determination, and in light of how the litigation develops, at least the questions whether it should order separate trials under Rule 42(b) and/or realign the parties. Because *Orthoflex* was filed first, the court will consolidate the cases under that caption, even though it has the higher case number.

Accordingly, Civil Action No. 3:10-CV-2618-D is consolidated with Civil Action No. 3:11-CV-0870-D. Pursuant to N.D. Tex. Civ. R. 42.1, all pleadings, motions, or other papers must be filed in Civil Action No. 3:11-CV-0870-D and bear only the caption of that case, together with the legend required by Rule 42.1.

---

[1]The Civil Justice Expense and Delay Reduction Plan adopted by this court provides that "[e]ach judge will continue to give priority to the monitoring and resolution of pending motions." Plan at § XI(2), *reprinted in* Texas Rules of Court: Federal at 305 (West Pamp. Supp. 2011). To eliminate undue delay and unnecessary expense to the parties to this and other civil actions pending on the court's docket, and because the court has determined that these motions are suitable for resolution in this manner, the court is deciding the motions by order rather than by a more detailed memorandum opinion.

[2]Before Judge Furgeson transferred *Orthoflex* to the undersigned's docket, there was also a dispute concerning before which judge the cases should be litigated. This issue has been mooted by the transfer.

The Clerk of Court shall administratively close Civil Action No. 3:10-CV-2618-D for statistical purposes.

**SO ORDERED**.

July 7, 2011.

                                              SIDNEY A. FITZWATER
                                              CHIEF JUDGE